| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
 § 
*versus* § CASE NO. 9:23-CR-25 
 § 
ELIAS TERRELL BRUMLEY § 

## MEMORANDUM AND ORDER

Pending before the court is Defendant Elias Terrell Brumley's ("Brumley") *pro se* motion (#236) where in Brumley requests his federal sentences to run concurrently with his state sentences. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

In October 2022, the Federal Bureau of Investigation ("FBI") began conducting a joint investigation with the Texas Department of Public Safety ("DPS") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The investigation consisted of members of a drug trafficking organization involved in illegal narcotics and firearms distribution in Angelina County, Texas, and Jasper County, Texas, which are both located in the Eastern District of Texas. During the course of the investigation, on October 26, 2022, law enforcement conducted a controlled purchase of methamphetamine from Brumley by utilizing a Confidential Informant ("CI"). The CI purchased approximately six ounces of methamphetamine from Brumley in exchange for $2,000 in Jasper County. The methamphetamine was forwarded to the Drug Enforcement Administration ("DEA") laboratory for analysis, which determined that it consisted of 154 grams of methamphetamine (actual).

On September 6, 2023, a federal grand jury in the Eastern District of Texas returned a thirteen-count Indictment (#1) against Brumley and five codefendants. Brumley was charged in Count One with Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 846, and in Count Five with Possession with Intent to Distribute and Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). On September 28, 2023, Brumley was placed in federal custody pursuant to a writ of habeas corpus ad prosequendum. Brumley entered into a written, non-binding plea agreement and pleaded guilty to Count Five of the Indictment on January 18, 2024. On August 27, 2024, the court sentenced Brumley to 57 months' imprisonment, to be followed by a five-year term of supervised release. Count One of the Indictment was dismissed on the Government's motion. The Judgment is silent as to whether the sentence is to run concurrently or consecutively to any other term of imprisonment.

On December 17, 2024, Brumley was convicted in the 1st District Court of Jasper County, Texas, for the offenses of Burglary of Building and Burglary of Habitation. Brumley was sentenced to two years' imprisonment for the first offense and eight years' imprisonment for the second offense, with the sentences to run concurrently. On May 1, 2025, Brumley filed the current motion requesting that his Judgment in the case at bar be amended to have his "federal cases ran concurrent with his state charges." The motion, however, does not specify which state convictions are at issue.

Brumley is currently housed at the Texas Department of Criminal Justice Pam Lychner Unit, located in Humble, Texas, with a projected release date of February 12, 2027.

II.     Analysis

Title 18 of the United States Code, Section 3584, allows the district court to determine whether to run multiple sentences of imprisonment consecutively or concurrently. 18 U.S.C. § 3584; *accord United States v. Gonzalez*, 520 U.S. 1, 6-7 (1997) ("Normally, a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences." (citing 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3)); *United States v. Lindsey*, 969 F.3d 136, 139 (5th Cir. 2020) ("District courts have discretion to select whether sentences they impose will run concurrently or consecutively to other sentences they impose, to sentences that have been imposed in other proceedings, and to 'anticipate[d]' state sentences not yet imposed." (quoting *Setser v. United States*, 566 U.S. 231, 236 (2012)). In determining whether sentences should run concurrently or consecutively, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) with respect to each offense for which a term of imprisonment is being imposed. 18 U.S.C. § 3584(b); *see Lindsey*, 969 F.3d at 143. The court also considers the type and length of a prior undischarged sentence, the time already served and additional time expected to be served, the fact that the prior sentence was imposed in state rather than federal court, and "any other circumstances relevant to the determination of an appropriate sentence for the instant offense." U.S.S.G. § 5G1.3, App. n.4(A). Although the district court retains discretion to impose concurrent sentences based on undischarged sentences, the United States Sentencing Guidelines generally recommend such sentences only "when the undischarged sentence is for conduct 'relevant' to the offense for which the defendant is being sentenced" or when doing so would "achieve a reasonable punishment for the instant offense." *United States v. Hernandez-Serrano*, 858 F. App'x 695, 695 (5th Cir. 2021).

Under federal law, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, if a judgment does not specify that a federal sentence is to run concurrently with a separately imposed state or federal sentence, the sentences are deemed to run consecutively. *United States v. Ochoa*, 977 F.3d 354, 357 (5th Cir. 2020); *United States v. Milton*, 805 F. App'x 280, 282 (5th Cir. 2020); *United States v. Johnson*, 760 F. App'x 261, 265 (5th Cir. 2019); *United States v. Eiland*, 711 F. App'x 730, 731 (5th Cir. 2017); *Ramirez v. Warden, FCI-Texarkana*, No. 5:23CV39-RWS-JBB, 2025 WL 923444, at *4 (E.D. Tex. Jan. 28, 2025), *adopted sub nom. Ramirez v. Salmonson*, No. 5:23-CV-39-RWS-JBB, 2025 WL 920265 (E.D. Tex. Mar. 26, 2025). The United States Court of Appeals for the Fifth Circuit has interpreted the statute to create a preference for imposing such sentences consecutively. *United States v. Hernandez-Serrano*, 858 F. App'x 695, 695 (5th Cir. 2021) (citing *United States v. Candia*, 454 F.3d 468, 477 (5th Cir. 2006)).

The Sentencing Guidelines direct the court to run a sentence concurrently with any prior sentence if the prior offense constitutes relevant conduct to the offense of conviction. U.S.S.G. § 5G1.3(b); *see* § 1B1.3 (defining relevant conduct factors). The Guidelines also provide that "[i]n any other case involving an undischarged term of imprisonment, the sentence may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). Here, the sentences at issue were imposed at different times by different courts for unrelated offenses. Brumley's federal sentence was imposed independently from his state sentence

4

and the court's Judgment does not specify to the contrary. Therefore, Brumley's federal sentence is deemed to run consecutively to his state sentences. *See Johnson,* 760 F. App'x at 265.

To the extent the court has discretion to order that Brumley's sentences run concurrently, this request is denied as Brumley's state court convictions are not based on "relevant conduct" to his federal offense. *See United States v. Terrazas*, 815 F. App'x 767, 721 (5th Cir. 2020) (finding the court did not err in finding two charges not based on "relevant conduct" because the underlying events were not part of a single episode, spree, or ongoing series of offenses); *Ochoa*, 977 F.3d at 357 (finding the district court had not abused its discretion in concluding two offenses were not related when the defendant had not presented evidence that the offenses were "part of the same course of conduct" or a "common scheme or plan"). Because Brumley's state convictions for Burglary of Habitation and Burglary of Building are offenses wholly unrelated to his federal conviction for Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine, the court finds concurrent sentences unwarranted.[1] *See Lindsey*, 969 F.3d at 143; *United States v. Valdez*, 726 F.3d 684, 698 (5th Cir. 2013) (quoting *United States v. Woods*, 440 F.3d 255, 260 (5th Cir. 2006)) ("[T]he default rule [is] that totally unrelated crimes should ordinarily receive distinct punishment."); *United States v. Olivares-Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985) (stating that "consecutive sentencing is an appropriate mechanism for

---

[1] The Presentence Investigation Report ("PSR") contains the following information regarding the Burglary of Habitation offense: police reports advised that on February 5, 2023, officers were dispatched to a residence for an active break-in while the resident was away. The victim was an elderly man who was recently the victim of multiple burglaries and home invasions. A suspect was observed on an in-home camera system placed inside the residence. The suspect was carrying a firearm using a weapon-mounted light on it to search the residence. The videos were submitted as evidence. A money bag containing between $60,000 to $80,000 was reported as missing. Brumley was later identified as the actor in this case and a warrant was issued for his arrest. Brumley was convicted in state court on December 17, 2024, for Burglary of Habitation. The PSR does not include any information regarding the Burglary of Building offense.

imposing distinct punishment for separate criminal acts, and that a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses").

III.  Conclusion

Consistent with the foregoing analysis, Brumley's *pro se* motion (#236) is DENIED.

SIGNED at Beaumont, Texas, this 25th day of June, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE